B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Quantum Foods, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Attached Schedule A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-2639437 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>750 South Schmidt Road<br>Bolingbrook, IL                      ZIP CODE 60440 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>                     ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Will | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>                     ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>                     ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>                     ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>   See Exhibit D on page 2 of this form.<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☑ Chapter 11          Main Proceeding<br>☐ Chapter 12       ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                             Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).<br><br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☑ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☑ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13) Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Quantum Foods, LLC |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: See Attached Schedule A | Case Number: | Date Filed: |
| District: District of Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                                Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Quantum Foods, LLC |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X */s/ B. Cleary*<br>Signature of Attorney for Debtor(s)<br>M. Blake Cleary<br>Printed Name of Attorney for Debtor(s)<br>Young Conaway Stargatt & Taylor, LLP<br>Firm Name<br><br>Rodney Square, 1000 North King Street<br>Wilmington, DE 19801<br>Address<br>(302) 571-6714<br>Telephone Number<br>2/18/14<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Edward B. Bleka*<br>Signature of Authorized Individual<br>Edward B. Bleka<br>Printed Name of Authorized Individual<br>Chief Executive Officer and Manager<br>Title of Authorized Individual<br>2/18/14<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE A

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) have filed for relief under chapter 11 of title 11 of the United States Code in this Court. Contemporaneously with the filing of their chapter 11 petitions, such entities have filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

1. Quantum Foods, LLC
2. Quantum Foods 213-D, LLC
3. Quantum Culinary, LLC
4. GDC Logistics, LLC
5. Choice One Foods, LLC

Below are the previous names held by Choice One Foods, LLC and Quantum Foods, LLC, respectively.

1. Quantum Choice One Foods, LLC
2. Q Foods, LLC

# WRITTEN CONSENT
## OF THE MEMBERS AND MANAGERS OF
## QUANTUM FOODS, LLC

The undersigned, being all of the members (the "Members") and all of the managers (the "Managers") of Quantum Foods, LLC, a Delaware limited liability company (the "Company"), acting pursuant to the Limited Liability Company Agreement of the Company, dated as of April 1, 2005, and as further amended, do hereby consent to, authorize and adopt the following resolutions:

1. **Authorization of the Filing of a Petition of Relief Under Chapter 11**

WHEREAS, the Members and the Managers have reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Members and the Managers have had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Members and the Managers, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company files or causes to be filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code");

FURTHER RESOLVED, that each of the Chief Restructuring Officer, Chief Administrative Officer, chief executive officer, chief administrative officer, chief financial officer, general counsel or any other officer of the Company (collectively, the "Designated Officers") be, and hereby is, authorized and empowered to execute and file on behalf of the Company in the United States Bankruptcy Court for the District of Delaware, or other such United States Bankruptcy Court (together, the "Bankruptcy Court") as shall be decided upon by the Designated Officers, all petitions, schedules, lists, motions, applications, pleadings and other papers or documents necessary to commence a case on behalf of the Company under chapter 11 of the Bankruptcy Code (the "Case"), and to take any and all further acts and deeds that he, she, the Members, or the Managers deem necessary, proper and desirable in connection with the Case, with a view to the successful prosecution of the Case;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ the law firm of Winston & Strawn LLP as general bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute

appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Winston & Strawn LLP;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy and conflicts counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ BMC Group, Inc. as noticing, claims and balloting agent to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Case, and cause to be filed an appropriate application for authority to retain the services of BMC Group, Inc.;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ FTI Consulting as financial advisors to the Company and to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case, and cause to be filed an appropriate application for authority to retain the services of any such other professionals;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ City Capital Advisors as investment banker to the Company and to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case, and cause to be filed an appropriate application for authority to retain the services of any such other professionals;

FURTHER RESOLVED, that each of the Designated Officers be, and hereby is, authorized and directed to employ any other professionals to assist the

Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Case; and in connection therewith, each of the Designated Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Case, and cause to be filed an appropriate application for authority to retain the services of any such other professionals;

FURTHER RESOLVED, that the Designated Officers be, and each of them hereby is, authorized and directed, to the extent necessary, to cause the Company to obtain and/or guarantee post-petition financing and/or use of cash collateral according to the terms negotiated, or to be negotiated, by the management of the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation, (i) the incurrence of debtor in possession financing in such amounts and on such terms as the Designated Officers deems necessary or advisable (the "DIP Financing"), (ii) the execution and delivery of any documents to evidence the DIP Financing, including, without limitation, all credit agreements and notes, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements and/or other modifications thereto, as appropriate), (v) the granting of liens on and/or security interests in any and all assets of the Company, (vi) the authorization of filing and/or recording, as applicable, of financing statements, agreements, mortgages or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and (vii) the execution and delivery of deposit, securities and/or other account control agreements (and amendments, supplements and/or other modifications thereto, as appropriate); and the Designated Officers are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing;

FURTHER RESOLVED, that the Designated Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to negotiate and to enter into one or more purchase agreements for some, substantially all or all of the assets of the Corporation and to pursue a sale of such assets, subject to approval of the Bankruptcy Court;

FURTHER RESOLVED, that, upon the filing of the Case, the Member and the Managers hereby authorize the appointment of Michael Buenzow as Chief Restructuring Officer, to perform such tasks and to have such authority as is set forth in that certain Addendum dated January 16, 2014 to FTI Consulting Engagement Contract dated March 29, 2013, to hold such office until his successor is chosen and qualified or until his earlier resignation or removal;

FURTHER RESOLVED, that the Member and the Managers hereby authorize the appointment of Edgar Reilly as Chief Administrative Officer, to hold such office until his successor is chosen and qualified or until his earlier resignation or removal.

## 2. General Authorization

FURTHER RESOLVED, that the Members and the Managers hereby authorize, empower and direct each of the Designated Officers and the officers of the Company, on behalf of Company and in their names, to execute and deliver, or cause to be executed and delivered, any and all agreements, amendments, supplements, certificates, reports, applications, notices, letters or other documents, as the Designated Officers and the officers of the Company, with the advice of counsel, may approve, and to do or cause to be done any and all such other acts and things as, in the opinion of the Designated Officers and the officers of the Company, may be necessary, appropriate or desirable in order to enable the Company fully and promptly to carry out the purposes and intent of the foregoing resolutions and any such action taken or any agreement, amendment, certificate, report, application, notice, filing, letter or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his authority to take, execute and deliver the same;

FURTHER RESOLVED, that the Members and the Managers hereby authorize, empower and direct each of the Designated Officers, on behalf of the Company and in their names, and under their seals or otherwise, to take all such further actions and to do all such things, including, without limitation, paying all such fees and expenses, and arranging for, entering into, executing and delivering all further agreements, instruments, documents, certificates, modifications, amendments, and supplements relating to the foregoing resolutions or the obligations contemplated thereunder, which shall in such officer's sole judgment be necessary, proper or advisable in order to carry out fully these resolutions;

FURTHER RESOLVED, that all actions heretofore taken by each of the Designated Officers or any representatives or agents of the Company or any of their affiliates in connection with the foregoing resolutions be, and are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Company;

FURTHER RESOLVED, that the Members and the Managers hereby authorize, empower and direct each of the Designated Officers, on behalf of the Company and in their name, to take such actions as they deem necessary or desirable in order to make the foregoing resolutions fully effective; and

FURTHER RESOLVED, that all the acts of the Designated Officers as set forth above, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed and approved.

[signature page follows]

IN WITNESS WHEREOF, the undersigned, being all of the Members and Managers of the Company, have executed this written consent, it being confirmed by each Member and Managers that this written consent may be executed in counterparts, all of which taken together shall constitute a single instrument, and may be delivered to the Company by facsimile or electronic transmission, with such facsimile to be considered final and effective.

Dated: February 18, 2014.

**MEMBERS:**
Quantum Rosa Mystics Enterprises, LLC,
a Delaware limited liability company

_____
Name: Edward Bleka, Manager

_____
Name: Edward Bleka

**MANAGERS:**

_____
Name: Edward Bleka, Manager

_____
Name: Jane Bleka, Manager

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANTUM FOODS, LLC, et al.,[1] | Case No. 14-_____ (___) |
| Debtors. | Joint Administration Requested |

**CONSOLIDATED LIST OF CREDITORS HOLDING
THE 30 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession in these chapter 11 case (collectively, the "Debtors") filed petitions in this Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the thirty (30) largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately February 17, 2014. The Consolidated List does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or any amount of the claim.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512). The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

CHI:2812618.1

## Consolidated List of Creditors Holding 30 Largest Unsecured Claims[1]

| | Name of Creditor | Telephone number, email & complete mailing address of employee, agents, or department of creditor familiar with claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1 | UFCW LOCAL 1546-H&W FUND | 312-829-4526<br>patty@umcfund.com<br>1649 W. ADAMS STREET 3RD FLOOR<br>CHICAGO IL 60612 | LABOR UNION | | $1,046,513 |
| 2 | INDEPENDENT PURCHASING COOPERATIVE | jzerbino@ipcoop.com<br>9200 SOUTH DADELAND BLVD. STE 705<br>MIAMI FL 33156 | TRADE DEBT | | $982,734 |
| 3 | TYSON FRESH MEATS, INC. | Katherine.Hale@tyson.com<br>88031 EXPEDITE WAY<br>CHICAGO IL 60695-0001 | TRADE DEBT | | $890,765 |
| 4 | PECO FOODS, INC. | amedina@pecofoods.com<br>P.O. BOX 71273<br>CHICAGO IL 60694-1273 | TRADE DEBT | | $648,366 |
| 5 | SPECIALIZED STAFFING SOLUTIONS, INC. | bob@ssslabor.com<br>P.O. BOX 823473<br>PHILLADELPHIA PA 19182-3473 | TEMP LABOR | | $626,108 |
| 6 | THE POWERS COMPANY | dawn@thepowerscompany.com<br>P.O. BOX 337<br>CLERMONT GA 30527 | CONSULTANT | | $580,000 |
| 7 | KING MEAT, INC. | gene@bicaraltd.com<br>4215 EXCHANGE AVENUE<br>LOS ANGELES CA 90058-2604 | TRADE DEBT | | $472,362 |
| 8 | EXCEL DISPLAYS & PACKAGING | 630-896-3843<br>mgonzalez@xlpop.com<br>4390 LIBERTY STREET<br>AURORA IL 60504 | TRADE DEBT | | $466,825 |
| 9 | COLORADO PREMIUM FOODS, INC. | Carla.Hays@coloradopremium.com<br>DEPARTMENT 0802<br>DENVER CO 80256 | TRADE DEBT | | $434,036 |
| 10 | ROBERT REISER & CO., INC. | 781-821-8109<br>jmoore@reiser.com<br>725 DEDHAM STREET<br>CANTON MA 02021 | TRADE DEBT | | $423,858 |
| 11 | DIRECT ENERGY BUSINESS | 866-421-0257<br>CustomerRelations@DirectEnergy.com<br>P.O. BOX 70220<br>PHILADELPHIA PA 19176 | UTILITY | | $397,804 |

---

[1] The information in this list was based on information available at the time the list was compiled and the Debtors reserve the rights to modify this list.

2

| | Name of Creditor | Telephone number, email & complete mailing address of employee, agents, or department of creditor familiar with claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 12 | C.H. ROBINSON COMPANY, INC. | 866-421-0257<br>Emily.Rosenthal@chrobinson.com<br>P.O. BOX 9121<br>MINNEAPOLIS MN 55480-9121 | TRADE DEBT | | $385,689 |
| 13 | HARVEST MEAT CO. | Mbauler@harvestmeat.com<br>P.O. BOX 31001-1065<br>PASADENA CA 91110-1065 | TRADE DEBT | | $380,224 |
| 14 | UFCW LOCAL 1546 PENSION FUND | 312-829-4526<br>patty@umcfund.com<br>1649 W. ADAMS STREET 3RD FLOOR<br>CHICAGO IL 60612 | LABOR UNION | | $371,700 |
| 15 | CBIZ MHM, LLC | 866-261-8191<br>dderks@cbiz.com<br>13398 COLLECTIONS CENTER DRIVE<br>CHICAGO IL 60693 | ACCOUNTANT | | $369,483 |
| 16 | SUN ROOFING, INC. | 413-342-4241<br>sunco126@aol.com<br>71 WALNUT SREET<br>SPRINGFIELD MA 01105 | TRADE DEBT | | $331,000 |
| 17 | ORLEANS INTERNATIONAL, INC. | 248-855-5668<br>jenniferbrankiewicz@orleans.com<br>30600 NORTHWESTERN HWY. SUITE 300<br>FARMINGTON HILLS MI 48334 | TRADE DEBT | | $294,859 |
| 18 | CONAGRA FOOD INGREDIENTS INC. | Kellie.Carothers@conagrafoods.com<br>12403 COLLECTIONS CENTER DR.<br>CHICAGO IL 60693 | TRADE DEBT | | $274,334 |
| 19 | MIDLAND PAPER | ralph.deletto@midlandpaper.com<br>1140 PAYSPHERE CIRCLE<br>CHICAGO IL 60674 | TRADE DEBT | | $259,535 |
| 20 | EASTERN POULTRY DISTRIBUTORS | 954-983-9869<br>brandon@epoultry.com<br>13854 COLLECTIONS CENTER DRIVE<br>CHICAGO IL 60693 | TRADE DEBT | | $254,592 |
| 21 | CRYOVAC INC. | 864-433-2967<br>Linda.Barnette@Sealedair.com<br>26081 NETWORK PLACE<br>CHICAGO IL 60673-1260 | TRADE DEBT | | $253,343 |
| 22 | GRIFFIN CAPITAL CORPORATION | klemus@griffincapital.com<br>227 WEST MONROE ST. STE 3400<br>CHICAGO IL 60606 | REAL ESTATE LESSOR | | $250,984 |
| 23 | THE REALTY ASSOCIATES FUND VIII,L.P. | 630-261-0045<br>P.O. BOX 202896<br>DALLAS TX 75320-2896 | REAL ESTATE LESSOR | | $238,067 |
| 24 | KEY EQUIPMENT FINANCE | jennifer_v_ceja@key.com<br>P.O. BOX 974713<br>CLEVELAND OH 44194-001 | EQUIPMENT LESSOR | | $199,934 |

| | Name of Creditor | Telephone number, email & complete mailing address of employee, agents, or department of creditor familiar with claim | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 25 | CENTRAL BEEF IND. L.L.C. | paul@centralbeef.com<br>P.O. BOX 20872<br>TAMPA FL 33622-0872 | TRADE DEBT | | $186,503 |
| 26 | VISTA FOOD EXCHANGE, INC. | 601-469-2011<br>jim_dilley@vistafoods.com<br>B-101 CENTER ARCADE<br>BRONX NY 10474 | TRADE DEBT | | $182,639 |
| 27 | AMIGOS FOODS, LLC. | graciela@amigosfoods.biz<br>5251 S. MILLARD AVE.<br>CHICAGO IL 60632 | TRADE DEBT | | $175,512 |
| 28 | NIKOLAOS FINE FOODS LTD | artisi@nikolaos.com<br>225 NEBO RD UNIT 5<br>HAMILTON ONTARIO L8W 2E1 | TRADE DEBT | | $164,518 |
| 29 | MARSHALL DURBIN COMPANIES | 205-380-3206<br>Kkarcher@marshalldurbin.com<br>P.O. BOX 890284<br>CHARLOTTE NC 28289-0284 | TRADE DEBT | | $153,328 |
| 30 | TAURUS FOOD PRODUCTS INC. | kevin@taurusfoods.com<br>8273 SOLUTIONS CENTER<br>CHICAGO IL 60677-8002 | TRADE DEBT | | $153,268 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANTUM FOODS, LLC, et al.,[3] | Case No. 14-_____ (___) |
| Debtors. | Joint Administration Requested |

## CERTIFICATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession in these chapter 11 cases (the "Debtors") hereby certify under penalty of perjury that the *Consolidated List of Creditors Holding the 30 Largest Unsecured Claims* (the "Consolidated List"), submitted herewith, is complete and to the best of the Debtors' knowledge correct and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' book and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the Consolidated List have been completed. Therefore, the listing does not and should not be deemed to constitute: (1) a waiver to any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; and/or (3) waiver of any other right or legal position of the Debtors.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2014       /s/ Edgar Reilly
                               Name:   Edgar Reilly
                               Title:  Designated Officer

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512). The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANTUM FOODS, LLC, et al.,[4] | Case No. 14-_____ ( ) |
| Debtors. | Joint Administration Requested |

## LIST OF EQUITY HOLDERS

| Name and Address of Equity Holders of Quantum Foods, LLC | Amount Held |
|---|---|
| Quantum Rosa Mystica Enterprises, LLC<br>1011 S. State Street<br>Suite 200<br>Lemont, Illinois 60439 | 99.9997% |
| Edward Bleka<br>6 Riva Ridge<br>Lemont, Illinois 60439 | 0.0003% |

The subsidiaries listed below are 100% owned by Quantum Foods, LLC:

- Quantum Food 213-D, LLC
- Quantum Culinary, LLC
- GDC Logistics, LLC
- Choice One Foods, LLC

---

[4] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512). The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| QUANTUM FOODS, LLC, et al.,[5] | Case No. 14-_____ ( ) |
| Debtor. | Joint Administration Requested |

## CERTIFICATION CONCERNING LIST OF EQUITY HOLDERS

The above-captioned debtors and debtors in possession in these chapter 11 cases (the "Debtors") hereby certify under penalty of perjury that the *List of Equity Holders* submitted herewith, pursuant to Rule 1007-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware Code, is complete and to the best of the Debtors' knowledge correct and consistent with Debtors' books and records.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2014        /s/ Edgar Reilly
                                Name: Edgar Reilly
                                Title: Designated Officer

---

[5] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512). The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.