## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUANTUM FOODS, LLC, *et al.*,[1] | ) | Case No. 14-10318 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ———————————————————— | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS OF QUANTUM FOODS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 14-50893 (KJC) |
| v. | ) | |
| | ) | |
| TEYS (USA) INC., | ) | **Hearing Date: October 13, 2015 at 1:15 p.m.** |
| | ) | **Objection Deadline: September 25, 2015 at** |
| Defendant. | ) | **4:00 p.m.** |
| ———————————————————— | ) | |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The Official Committee of Unsecured Creditors (the "*Committee*") by and through its undersigned counsel, hereby moves (the "*Motion*") this Court for approval of a settlement agreement (the "*Settlement Agreement*") by and between the Committee, on the one hand, and Teys (USA) Inc. (the "*Recipient*"), on the other, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").  In support of this Motion, the Committee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512).  The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

## BACKGROUND

1.      On February 18, 2014 (the "*Petition Date*"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware.

2.      On February 27, 2014, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

3.      On July 14, 2014, the Court entered an order [D.I. 525] (the "*Standing Order*"), whereby "[s]tanding is conferred upon the Committee and the Committee is appointed as representative of the Debtors' estates to investigate, prosecute, defend or otherwise resolve" certain Litigation Claims, as that term is defined in that certain *Motion of the Official Committee of Unsecured Creditors for Authority to Prosecute Causes of Action on Behalf of the Debtors and Granting the Committee Standing to Pursue Such Claims* [D.I. 476].

4.      Pursuant to the Standing Order, the Committee is vested with, *inter alia*, standing to pursue certain causes of action on behalf of the Debtors' estates, including the Avoidance Claims (as defined in the Settlement Agreement).

5.      Pursuant to the Standing Order, the Committee was granted authority to act as representative of the Debtors estates to investigate, initiate, prosecute, settle, and compromise causes of action held by the Debtors' estates.  On July 15, 2014, the Court entered an order (the "*Retention Order*") [D.I. 538] authorizing the Committee's retention of Freeborn & Peters LLP ("*Freeborn*") as Special Litigation Counsel to the Committee *nunc pro tunc* to June 9, 2014.

6.      Pursuant to the Standing Order, on or about July 17, 2014, the Committee sent a demand letter to the Recipient, which demanded the return of allegedly preferential transfers made by a Debtor or Debtors to the Recipient in the 90-day period prior to the Petition Date.

7.    On October 28, 2014, the Committee initiated an adversary proceeding against the Recipient for the avoidance and recovery of transfers totaling $497,522.08.

8.    The Committee and the Recipient subsequently engaged in negotiations concerning the Transfers, and have reached a settlement that is the subject of this Motion.

## JURISDICTION

9.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

10.    The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BASIS FOR RELIEF

11.    The Committee and the Recipient have agreed to reach a final resolution with respect to the Transfers pursuant to the terms set forth in the Settlement Agreement, an executed copy of which is attached as Exhibit 1 to the proposed form of order (the "*Proposed Order*") attached hereto as *Exhibit A*.   Pursuant to the Settlement Agreement, the parties have agreed, among other things, that the Recipient will make payment to the Debtors (via the Committee) in the amount of $195,000.00, in exchange for certain releases granted by the Debtors, their estates, and the Committee.

12.    Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a). In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the Court should determine whether "the compromise is fair, reasonable, and in the interests of the estate."  *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The Court must "assess

and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996).

13.     The United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court must consider to approve a settlement.   Specifically, the bankruptcy court must examine:   (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. *See Martin,* 91 F.3d at 393.

14.     When applying the above criteria to the facts of a particular case, a bankruptcy court "is not supposed to have a mini-trial on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.),* 336 B.R. 87, 93 (Bankr. D. Del. 2005).   The Court does not have to be convinced that the settlement is the best possible compromise.   Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities. *See In re World Health Alt., Inc*., 344 B.R. 291, 296 (Bankr. D. Del. 2006).

15.     In the instant matter, the Committee believes that the settlement is in the best interest of the Debtors' estates and creditors and should accordingly be approved.

16.     The Committee submits that this settlement amount is reasonable in light of the continued costs of collection and the delay that would be had by pursuing further litigation.

17.     In addition, the Committee has consulted with the Debtors' representatives who have agreed and consented to this Settlement Agreement.

18.     Freeborn is entitled to 25% of the $195,000.00 settlement sum, equal to $48,750.00, as a contingency fee under the terms of its retention.   Accordingly, upon approval of

the settlement and pursuant to the Retention Order, Freeborn will be paid its contingency fee from the settlement proceeds.  Freeborn's fees and expenses shall remain subject to this Court's approval of a final fee application in these chapter 11 cases.

## NOTICE

19.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Crystal Financial LLC; (c) counsel to the Recipient, or its counsel if represented; and (d) those parties that have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Committee respectfully requests that the Court enter an order: (a) approving the Settlement Agreement; and (b) granting such other and further relief as is just and proper.

Dated: September 9, 2015              CROSS & SIMON, LLC
       Wilmington, Delaware

By: _____*/s/ Kevin S. Mann*_____
       Christopher P. Simon (No. 3697)
       Michael J. Joyce (No. 4563)
       Kevin S. Mann (No. 4576)
       1105 N. Market Street, Suite 901
       Wilmington, Delaware 19801
       Telephone:  (302) 777-4200
       Facsimile:  (302) 777-4224
       csimon@crosslaw.com
       mjoyce@crosslaw.com
       kmann@crosslaw.com

       *Delaware Counsel to the Official*
       *Committee of Unsecured Creditors*

              -and-

Richard S. Lauter (IL No. 6182859)
Devon J. Eggert (IL No. 6289425)
Elizabeth L. Janczak (IL No. 6302864)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  (312) 360-6000
Facsimile:  (312) 360-6520
rlauter@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com

*Special Litigation Counsel to the Official
Committee of Unsecured Creditors*